NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER SLACK,<br><br>          Plaintiff-Appellant,<br><br>  v.<br><br>UNITED AIRLINES, INC.,<br><br>          Defendant-Appellee. | No.   22-15507<br><br>D.C. No.<br>2:18-cv-00899-GMN-BNW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted January 10, 2023[**]
San Francisco, California

Before: WALLACE, SILVERMAN, and OWENS, Circuit Judges.

Peter Slack appeals from the district court's summary judgment in favor of

United Airlines, Inc. in his action alleging that United engaged in gender

discrimination, racial discrimination, and retaliation when it terminated Slack's

employment after sexual harassment allegations were made against him by female

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

colleagues. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's summary judgment *de novo*, *Carver v. Molder*, 606 F.3d 690, 695 (9th Cir. 2010), and we affirm.

The district court did not err in granting summary judgment to United on Slack's gender discrimination claim. Slack failed to prove a prima facie case of gender discrimination because he failed to provide evidence that similarly situated employees not in his protected class were treated more favorably than he was. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 2020). Even if Slack's contention on this element—that the female colleagues who accused him of sexual harassment in fact sexually harassed him but were not terminated—was supported by evidence, the female colleagues are not similarly situated to Slack because Slack's conduct gave rise to a formal sexual harassment complaint while the female colleagues' alleged conduct was raised only "defensively in the context of the company's investigations." *See Hawn v. Executive Mgmt., Inc.*, 615 F.3d 1151, 1160–61 (9th Cir. 2010). Additionally, even if Slack had alleged his prima facie case, Slack failed to provide evidence that United's proffered legitimate non-discriminatory reason for his termination—Slack's violation of United's sexual harassment policy—was pretext for gender discrimination. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003).

The district court did not err in granting summary judgment to United on

2

Slack's retaliation claim. Slack did not prove that he engaged in a protected activity. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). His contentions that he challenged the "harassment culture" at United or that other employees sexually harassed him were unsupported by evidence other than his own statements. Even if they were supported, he again failed to provide evidence that United's termination of him for violating its sexual harassment policy was pretextual.

The district court did not err in granting summary judgment to United on Slack's racial discrimination claim under 42 U.S.C. § 1981. As with his gender discrimination claim, he failed to make out a prima facie case because he failed to provide evidence that similarly situated employees outside his race were treated more favorably than he was. *Zeinali v. Raytheon Co.*, 636 F.3d 544, 552 (9th Cir. 2011). Additionally, Slack failed to prove that, "but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

**AFFIRMED.**